UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LARRY BUCHANAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-00130-NCC |
| | ) |
| **MAGELLAN HEALTH, INC. d/b/a** | ) |
| **MAGELLAN HEALTHCARE and** | ) |
| **MAGELLAN BEHAVIORAL HEALTH,** | ) |
| **and MONSANTO COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Magellan Health Inc.'s and Magellan Healthcare, Inc., f/k/a Magellan Behavioral Health Inc.'s (collectively "Magellan's") Partial Motion to Dismiss Plaintiff's Complaint (Doc. 22) and Defendant Monsanto Company's ("Monsanto's") Motion to Dismiss (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 20.) For the following reasons, Defendant Monsanto Company's Motion to Dismiss (Doc. 25) will be **GRANTED** as to Count I. Magellan's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 22) will be **DENIED** as to Count II. Finally, Magellan's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 22) will be **GRANTED** as to Count III.

**I. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

## II. Background

Plaintiff alleges that he is a participant in a "Group Health Plan" (the "Plan") offered through his employer, Monsanto, and that Plaintiff's son is a beneficiary of the Plan. (Doc. 1 ¶¶ 4, 11.) The Plan is an employee welfare benefit plan regulated under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and it includes mental health and substance abuse services. (*Id.* ¶¶ 4-5.) Plaintiff further alleges Monsanto is the ERISA-defined Plan Sponsor and Magellan administers the mental health and substance abuse

plan benefits.  (*Id.* ¶¶ 7, 9.)

Plaintiff alleges that his son, who suffers from generalized anxiety, depression, attention deficit disorder, and substance abuse, received therapy in Utah in 2015 at Aspiro Wilderness Therapy, described as an outdoor behavioral health program.  (*Id.* ¶¶ 14, 22-26.)  In 2015 and 2016, Plaintiff alleges his son received additional treatment in Arizona at InBalance Program, described as a transition program for young men and counseling facility.  (*Id.* ¶¶ 46-49, 53.) When Plaintiff sought benefits from the Plan, Magellan denied Plaintiff's claims as well as his request for post-service authorization review and appeals.  (*Id.* ¶¶ 27, 33-37, 54-58.)  Plaintiff alleges those claims for benefits were improperly denied.  (*Id.* ¶¶ 28-32, 38-40.)  Plaintiff further alleges that, under the Plan, he is entitled to full payment for these claims or at least 50% of these claims in the event he failed to obtain proper prior authorization.  (*Id.* ¶¶ 32, 71, 73.)

In his Complaint, Plaintiff asserts three claims against Defendants.  First, Plaintiff alleges violations of ERISA for failure to pay benefits due under the healthcare benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) (Section 502(a)(1)(B) of ERISA) (Count I).  Second, Plaintiff asserts a claim for "equitable relief," pursuant to 29 U.S.C. § 1132(a)(3) (Section 502(a)(3) of ERISA) (Count II).[1]  Third, Plaintiff asserts violations of Missouri state law mental health parity laws (Count III).  (Doc. 1.)

---

[1] Plaintiff asserts a general violation of ERISA by invoking the statute as a whole in his Complaint.  (*See*, *e.g.*, Doc. 1. ¶¶ 1, 12.)  In Count I, Plaintiff references the specific ERISA provision alleged to have been violation, 29 U.S.C. § 1132(a)(1)(B).  In Count II, however, Plaintiff asserts a generalized claim for "equitable relief" without a reference to a specific ERISA provision allowing for such equitable relief.  Plaintiff's memoranda in opposition to the present motions to dismiss recognizes that Count II asserts a claim for equitable relief under 29 U.S.C. § 1132(a)(3) in Count II.  (Docs. 29, 30.)  A liberal reading of Plaintiff's Complaint supports this reading.  Defendants' memoranda also assume Count II alleges violations under § 1132(a)(3). (Docs. 23, 26, 33.)

On May 1, 2018, Magellan filed a Partial Motion to Dismiss Plaintiff's Complaint with prejudice as to Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) That same day, Monsanto filed a Motion to Dismiss as to all three counts with prejudice, also pursuant to 12(b)(6). (Doc. 25.) Monsanto proffers arguments as to why Count I fails to state a claim upon which relief may be granted and also joins in, adopts, and incorporates by reference Magellan's arguments for dismissal of Counts II and III. (Doc. 26.) In his response opposing dismissal, Plaintiff withdrew his claim for alleged violations of Missouri state law mental health parity laws (Count III) based on Plaintiff's mistaken understanding of the nature of Monsanto's benefits welfare program, consenting to the dismissal without prejudice of Count III of the Complaint. (Doc. 30.) Only Counts I and II, therefore, remain.

### III. Analysis

**A. Proper Defendant Under § 1132(a)(1)(B).**

Monsanto argues that it must be dismissed because it is not a proper defendant for Plaintiff's § 1132(a)(1)(B) claim.[2] (Doc. 26.) Monsanto argues that a benefit plan and a party who controls the administration of the plan are proper defendants in an ERISA action. (Doc. 34 at 2.) Because Plaintiff alleges that Monsanto is the Plan Sponsor (as opposed to administrator) and at no point alleges that Monsanto administers the Plan, Plaintiff's allegations fail to establish that Monsanto is an appropriate party to sue. (Doc. 26 at 4.)

In relevant part, § 1132(a)(1)(B) allows a plan participant such as Plaintiff to bring an action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The ERISA statute itself, however, does not identify the proper

---

[2] Monsanto has not argued that it is an improper defendant in relation to Plaintiff's equitable claim under § 1132(a)(3) (Count II). The Court addresses the § 1132(a)(3) claim *infra*.

defendant(s) for a § 1132(a)(1)(B) action for benefits. *Slayhi v. High-Tech Inst., Inc.*, No. 06-CV-2210 PJS/JJG, 2007 WL 4284859, at *6 (D. Minn. Dec. 3, 2007). As a result, determining the proper defendants on a claim for benefits under § 1132(a)(1)(B) has been described as "surprisingly complex." *Greenwald v. Liberty Life Assur. Co. of Boston*, 932 F. Supp. 2d 1018, 1047 (D. Neb. 2013) (quoting *Slayhi*, 2007 WL 4284859, at *6).

The Eighth Circuit has acknowledged that the federal circuits have approached this issue in varying ways. *See Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998) (citations omitted) (noting split in authority and noting some circuits held only the plan itself was a proper defendant, with others holding the plan and plan administrator were proper defendants).[3]

In the Eighth Circuit, "[t]he employee benefit plan itself is ordinarily liable for benefits payable under the terms of the plan and is thus the primary defendant in a section 502(a)(1)(B) action." *Ross v. Rail Car Am. Grp. Disability Income Plan*, 285 F.3d 735, 740 (8th Cir. 2002). The Eighth Circuit Court of Appeals has also held that the proper party against whom claims may be brought is the party that controls the administration of the plan, not the plan participant's employer. *See Hall*, 140 F.3d at 1194 (citing to *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998)). In *Layes*, the court held that summary judgment in favor of the Plaintiff's employer was proper because the plan's insurer, also a named defendant, "was at all relevant times the sole administrator of the [benefits] plan offered by [the employer]." *Layes*, 132 F.3d at 1249.

---

[3] A Petition for Writ of Certiorari was filed in the Supreme Court seeking clarity on the proper defendant in an action to recover benefits under § 1132(a)(1)(B). *Burton v. Colorado Access*, No. 2015-SC-801, --- P.3d ----, 2018 WL 1370112 (Colo. Feb, 12, 2018) and *Olivar v. Pub. Serv. Employee Credit Union Long Term Disability Plan*, No. 16SC163, --- P.3d ----, 2018 WL 1370112 (Colo. Feb, 12, 2018), *joint petition for cert. filed*, No. 17-1543 (U.S. May 11, 2018). The Petition noted that the "Federal Circuit Courts of Appeal, as well as the appellate courts of two States, are widely split on which entity or entities constitute proper defendants in an ERISA benefit action." Pet. for Cert. at 7. The Petition then summarized the split in various circuits. *Id.* at 7-12. The state of Eighth Circuit case law was not discussed. *Id.* On October 1, 2018, the Petition was denied.

The Eighth Circuit Court of Appeals has further acknowledged that the term "administrator" is defined in the ERISA statute. *Hall*, 140 F.3d at 1194 (citing 29 U.S.C. § 1002(16)(A)). The statute states, in relevant part:

> (A) The term "administrator" means—
> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). A question remains, however, on the issue of whether some party other than the statutory administrator can be sued under § 1132(a)(1)(B) as a "de facto" administrator of the plan. Noting that some circuits were willing to deem non-statutory administrators "de facto" plan administrators and others were not, the Eighth Circuit Court of Appeals declined to address the issue. *Id.* It instead "reserve[d] for another time the question of whether a party other than the one designated in ERISA plan documents can be sued under § [1132](a)(1)(B) as a '*de facto*' plan administrator." *Id.* (emphasis in original). As a result, a split has developed within the Eighth Circuit district courts as to whether and when a "de facto" administrator would be a proper defendant. *See, e.g.*, *Adams v. Gen. Elec. Co.*, No. 06 3303 CV S DW, 2006 WL 2990329, at *2 (W.D. Mo. Oct. 18, 2006) (recognizing split and recognizing "de facto" administrator based on "party's role"); *White v. Martin*, 286 F. Supp. 2d 1029, 1045 (D. Minn. 2003) (refusing to recognize "de facto" administrator based on ERISA administrator definitions and absence of direction from Eighth Circuit).

This Court need not resolve that issue here. Even accepting as true all of the factual allegations contained in Plaintiff's Complaint, Plaintiff fails to include allegations establishing that Monsanto is a proper defendant in this action. Plaintiff does not set forth allegations

establishing that Monsanto administered the plan, either in fact or "de facto." Instead, Plaintiff alleges that Magellan, not Monsanto, administered the plan. Plaintiff alleges "Defendant Magellan administers the mental health and substance abuse benefits of the Plan" and that "the claims that are the subject of this lawsuit were administered by Defendant Magellan." (Doc. 1. ¶ 9-10.)

Moreover, Monsanto correctly notes that Plaintiff does not allege that Monsanto made discretionary decisions regarding his claims for benefits or appeals. (Doc. 26 at 4.) Plaintiff alleges that the "action arises from Magellan's denial of payment for services." (Doc. 1 ¶ 14.) Plaintiff continues to reiterate Magellan's role throughout the Complaint. For example, Plaintiff alleges "Magellan . . . denied benefits" for his son's treatment at Aspiro Wilderness Therapy and Magellan, not Monsanto, communicated the denial of benefits. (*Id.* ¶¶ 27, 31, 34, 37.) Plaintiff similarly alleges that Magellan, not Monsanto, denied the benefits for his son's treatment at InBalance. (*Id.* ¶¶ 54, 56.)

Plaintiff argues in his response to Monsanto's Motion that Defendant Monsanto is both the Plan Sponsor and the Plan Administrator. (Doc. 29 at 2.) Plaintiff, however, fails to include such an allegation in his Complaint or otherwise point to any allegations in his Complaint in support of that argument.

Based on a reading of the Complaint as a whole, this Court finds that Plaintiff has failed to include allegations against Monsanto establishing that Monsanto is a proper Defendant in this action under § 1132(a)(1)(B) (Count I).[4] *See Genosky v. Metro. Life Ins. Co.*, No. 11-CV-2230

---

[4] Plaintiff references "the Plan" in his Complaint but does not attach any exhibits to his Complaint. (Doc. 1.) Plaintiff attaches "The Amended and Restated Monsanto Company Employee Welfare Benefit Plan" to his response to Monsanto's motion to dismiss. (Doc. 29-1.) Magellan attached a "Summary Plan Description" to its memorandum in support of its motion to dismiss. (Doc. 23-2.) Plaintiff and Monsanto reference both exhibits in their arguments relating

MJD/LIB, 2012 WL 3029648, at *5 (D. Minn. Apr. 27, 2012), *report and recommendation adopted*, No. CIV. 11-2230 MJD/LIB, 2012 WL 3021320 (D. Minn. July 24, 2012) (granting employer's motion to dismiss because the plaintiff did not allege enough facts to state a plausible claim of relief under § 1132(a)(1)(B) when the complaint did not include allegations that employer acted as "de facto" claims administrator with the authority to pay claim specific benefits and decide whether to deny payment of benefits); *Chellew v. Kanawha Ins. Co.*, No. 08-06015-CV-W-JTM, 2008 WL 11429307, at *3 (W.D. Mo. Nov. 19, 2008) (complaint failed to state a cause of action against employer as a statutory or "de facto" plan administrator when complaint did not allege that employer determined the plaintiff's benefits eligibility or informed the plaintiff of her benefits status, and complaint instead alleged those actions were undertaken by claims administrator); *Copeland v. Aetna Life Ins. Co.*, No. 4:04CV1563 TCM, 2005 WL 2807044, at *2 (E.D. Mo. Oct. 27, 2005) (relying on decisions where courts looked to the party that, *inter alia*, retained responsibility for investigating and deciding claims, determined eligibility, notified employee of benefits decision and right of appeal, and handled appeals process when analyzing motion to dismiss proper defendant under § 1132(a)(1)(B)) (citations

---

to Monsanto's motion to dismiss. The Plan and Summary Plan Description are "'matters outside the pleadings' for purposes of a 12(b)(6) motion, as they are written evidence 'in support of or in opposition to the pleading that provide[] some substantiation for and [do] not merely reiterate what is said in the pleadings.'" *Vickery v. ConAgra Foods, Inc.*, No. 4:15-CV-797 CAS, 2015 WL 5306204, at *2 (E.D. Mo. Sept. 10, 2015) (quoting *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007)). The Court bases its decision on the Complaint and did not consider these documents in making its decision. Fed. R. Civ. P. 12(d). *See, e.g.*, *Copeland v. Aetna Life Ins. Co.*, No. 4:04CV1563 TCM, 2005 WL 2807044, at *2 n.2 (E.D. Mo. Oct. 27, 2005) (declining to consider plan documents attached to responsive pleadings but not attached to complaint on motion to dismiss in ERISA case). The parties also make arguments regarding whether the Monsanto Company Employee Benefits Plan Committee, referred to in the Plan document and Summary Plan Description, would be a proper defendant. As Plaintiff did not name the Committee as a Defendant or refer to it in his Complaint, the Court expresses no opinion in that regard.

omitted). *See also Brown v. J.B. Hunt Transport Servs., Inc.*, 586 F.3d 1079, 1081, 1088 (upholding dismissal of employer on summary judgment when the claims administrator, not the employer, was responsible for processing claims, determining eligibility, and paying benefits under the plan);[5] *Richmond v. Cont'l Cas. Co.*, 246 F. App'x 399, 400 n.2 (8th Cir. 2007) (noting in dicta employer was never a proper defendant based on *Layes* because claims administrator was "sole administrator" at all times and employer "had no role in the [benefits] decision"); *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 862 (E.D. Mo. 2005) (dismissing, as a matter of law, non-employer defendant who, *inter alia*, did not have the ability to or responsibility for determining the plaintiff's benefits eligibility).

For these reasons, the Court will grant Monsanto's Motion as to Count I.

**B.      Duplicate Claims Under § 1132(a)(1)(B) and § 1132(a)(3).**

Magellan and Monsanto further argue that Plaintiff's claim for equitable relief under § 1132(a)(3) (Count II) fails to state a claim upon which relief may be granted because it is duplicative of his claim under § 1132(a)(1)(B) (Count I) since both claims are premised on the same theory of liability. Defendants argue that both claims are virtually indistinguishable because both claims allege that Plaintiff was wrongfully denied coverage in violation of the Plan's terms, both allege that Defendants breached their contractual and fiduciary obligations, and both allege that Plaintiff is entitled to Plan benefits. Thus, argue Defendants, Plaintiff's § 1132(a)(3) claim is merely an impermissibly repackaged § 1132(a)(1)(B) claim for benefits. Since Plaintiff's allegations in Count II under § 1132(a)(3) are fully redressable under § 1132(a)(1)(B), Defendants argue that Plaintiff's claim for purported equitable relief under § 1132(a)(3) must be dismissed. (Docs. 23, 33.)

---

[5] In *Brown*, the court did not reference its previous holdings in *Layes* and *Hall* regarding the proper defendant for an action under § 1132(a)(1)(B).

In relevant part, 29 U.S.C. § 1132 states the following:

(a) . . . A civil action may be brought—

> (1) by a participant or beneficiary—
>
> . . .
>
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(1)(B), (a)(3).[6]

Defendants are correct in noting that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there likely will be no need for further equitable relief, in which case such relief normally would not be 'appropriate'" under ERISA. *Varity*, 516 U.S. at 515.[7] The Eighth Circuit Court of Appeals has interpreted this to mean that while Plaintiff is not allowed to *recover* under both § 1132(a)(1)(B) and § 1132(a)(3), Plaintiff still may *plead* both theories of

---

[6] In *Varity Corp. v. Howe*, the Supreme Court clarified that § 1132(a)(3) authorizes relief to individuals as opposed to only authorizing suits to obtain relief for the plan itself. 516 U.S. 489, 492, 495, 508-515 (1996).

[7] In *CIGNA Corp. v. Amara*, the Supreme Court discussed the types of relief available under § 1132(a)(3), clarifying and limiting to those that "'were *typically* available in equity.'" 563 U.S. 421, 439 (emphasis in original) (citations omitted). The Court discussed three types of relief: reformation, estoppel, and surcharge. Through surcharge, or "make-whole relief," equity courts "possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* at 441 (citations omitted). The Supreme Court further explained that this remedy "extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary." *Id.* at 442. The Court concluded that whether a plaintiff will need to show detrimental reliance to establish surcharge will be case dependent. *Id.* at 444.

recovery. *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 545, 547 (8th Cir. 2017); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) (holding *Varity* and earlier Eighth Circuit cases "prohibit duplicate recoveries when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)") (citations omitted).[8]

Eighth Circuit case law, however, makes it clear that, in order to survive a motion to dismiss, the two claims under § 1132(a)(1)(B) and § 1132(a)(3) must assert different theories of liability. *Jones*, 856 F.3d at 547; *Silva*, 762 F.3d at 727. In some cases, a plaintiff's assertion of different theories under § 1132(a)(1)(B) and § 1132(a)(3) has been clear and readily discernable from the allegations in the complaints. *See*, *e.g.*, *Silva*, 762 F.3d at 727-28 (reversing district court's dismissal of equitable surcharge claim when plaintiff sought benefits under § 1132(a)(1)(B) on theory/assumption that the applicable policy was in effect despite plaintiff's failing to file required paperwork, whereas plaintiff sought equitable relief under § 1132(a)(3) based on counter-theory/assumption that the applicable policy was not in effect due to defendant's fiduciary misconduct, namely failing to provide any summary description plan that required such paperwork be filed); *Christoff v. Unum Life Ins. Co. of Am.*, No. CV 17-3512 (DWF/KMM), 2018 WL 4110963, at *1, 4 (D. Minn. Aug. 29, 2018) (denying motion for judgment on the pleadings on equitable surcharge claim when plaintiff asserted improper denial of benefits under § 1132(a)(1)(B) and breach of fiduciary duty under § 1132(a)(3), both alleging several specific ways in which defendant breached that duty including intentional mischaracterizations and also seeking different and "distinct" relief under that claim); *Boyd v.*

---

[8] The Eighth Circuit, in interpreting *CIGNA*, clarified that the payment of benefits owed under a plan can form the basis of a an equitable request for "make-whole, monetary relief under § 1132(a)(3)." *Silva*, 762 F.3d at 724-25.

*ConAgra Foods, Inc.*, No. 4:14-CV-01435-JAR, 2015 WL 170572, at *1 (E.D. Mo. Jan. 13, 2015) (denying motion to dismiss when plaintiff alleged under count I that defendant breached § 1132(a)(1)(B) fiduciary duty by failing to pay severance and separately and specifically alleged under count II that plaintiff was entitled to surcharge because defendant breached § 1132(a)(3) fiduciary duty by communicating inconsistent and ambiguous information to him); *Martin v. Aetna Life Ins. Co.*, No. 4:13CV1108 JCH, 2014 WL 2009079, at *3, 4 (E.D. Mo. May 16, 2014) (denying motion to dismiss when plaintiff argued he was entitled to benefits under the plan pursuant to § 1132(a)(1)(B) or, assuming coverage was eliminated due to plaintiff's untimely claim submission, plaintiff was entitled to relief under § 1132(a)(3) because defendants breached their fiduciary duty by failing to provide a summary description plan and intentionally concealing plan information, causing plaintiff to miss submission deadline).

In other cases, the differences have not been as clearly alleged in the complaint. Here, Defendants point to the fact that both Counts use overlapping language to support their arguments that the claims are duplicative, not different or distinct. As Defendants note, while the allegations relating to the equitable relief claim (Count II) vary somewhat from the allegations regarding § 1132(a)(1)(B), Plaintiff uses repetitive language in both counts. For example, they both allege denial of benefits for treatment. (Doc. 1 ¶¶ 63, 69.) They both allege a breach of fiduciary duty in denying those benefits. (*Id.* ¶¶ 64, 72.) They also overlap significantly in terms of the relief sought, as Plaintiff seeks the exact same relief—benefits due under the plan, prejudgment interest, and attorney fees and costs—in both counts. (*Id.* ¶¶ 67, 76.) To summarize, Defendants argue that the only real discernable difference is that Count I seeks full

benefits (*id.* ¶¶ 63, 64, 66), while Count II seeks partial benefits (50% recovery due under the plan) (*id.* ¶¶ 71, 73, 74).[9]

Plaintiff attempts to provide clarity in his responsive memorandum, including that he characterizes his request for equitable relief under Count II as seeking a "surcharge" remedy, to which Defendants object.[10] Plaintiff ultimately asserts that dismissal is not warranted here stating, without further explanation or elaboration, that he "has the exact same Counts as in *Jones*, seeking functionally identical relief to *Jones*."

There is significant-overlap between Count I and II, both in terms of the actions the Defendants allegedly undertook and the relief sought. That said, the Eighth Circuit Court of Appeals warned strongly against dismissing a § 1132(a)(3) claim as duplicative of a § 1132(a)(1)(B) claim at the Motion to Dismiss stage. The *Silva* court cautioned the following:

> At the motion to dismiss stage, however, it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief.
> . . . .

---

[9] The fact that Plaintiff seeks payment of benefits in both does not, in and of itself, form the basis for dismissing an equitable claim. *See Silva*, 762 F.3d at 728 n.12 (declining to dismiss the case even though plaintiff sought the exact same amount of damages, payment of benefits under the policy, under both § 1132(a)(1)(B) and § 1132(a)(3)).

[10] Defendants object to Plaintiff's attempt to "belatedly argue[]" that Count II seeks equitable relief in the form of 'surcharge,'" arguing that Plaintiff does not even reference surcharge in the Complaint. (Doc. 33 at 7.) It is not clear, however, that the Eighth Circuit would require such specific pleading at the Complaint stage. *See*, *e.g.*, *Silva*, 762 F.3d at 728 n.13 (stating "We leave for another day the issue of whether future cases may require plaintiff to elect which theory it is going to pursue at trial once full discovery has been conducted.") In fact, the plaintiff in *Silva* did not specifically plead surcharge in her Second Amended Complaint. No. 4:11-CV-0337-TCM (E.D. Mo. Oct. 11, 2011), ECF No. 54. The *Silva* court still found the facts pled in that complaint could support a remedy under the equitable theory of surcharge. *Silva*, 762 F.3d at 722.

> For example, the Eastern District of Missouri—the same district where the present case originates—recently declined [in *Martin v. Aetna Life Insurance Company*] to dismiss a plaintiff's claims for relief under §§ 1132(a)(1)(B) and (a)(3) on a motion to dismiss because the factual record had not been developed sufficiently for the court to be able to discern if the claims were indeed duplicative.

*Silva*, 762 F.3d at 727. Reading the Complaint liberally and accepting Plaintiff's allegations as true—as this Court must—Plaintiff has attempted to assert different theories. Plaintiff seeks full benefits under Count I and seeks partial benefits of 50% under Count II, taking issue with the prior authorization process in Count II. Plaintiff includes a section before both Counts entitled "Defendant's Breaches." Plaintiff incorporates by reference those allegations in both Count I and II.[11] Under "Defendant's Breaches," Plaintiff includes a series of general allegations which, under a liberal reading and drawing inferences in Plaintiff's favor, could be read to be asserting problems with the process used in denying the claim. *See Jones*, 856 F.3d at 547 (reversing district court's dismissal of equitable surcharge claim under § 1132(a)(3) even though it sought "functionally identical relief" as § 1132(a)(1)(B) claim when § 1132(a)(1)(B) claim was premised on denial of benefits and § 1132(a)(3) claim was based on claims-handling process issue that caused denial of benefits); *see also Christoff*, 2018 WL 4110963, at *4 (declining to dismiss § 1132(a)(3) equitable claim "particularly because this case is at the pleading stage"); *Frye v. Metro. Life Ins. Co.*, No. 3:17-CV-31-DPM, 2018 WL 1569485 (E.D. Ark. Mar. 30, 2018) (noting § 1132(a)(3) claim properly pled even when Plaintiff failed to specify which part of § 1132(a) applied and included general prayer for "other, further and different relief as may be just and proper"); *Bach v. Prudential Ins.*, 83 F. Supp. 3d 840, 845 (S.D. Iowa 2015) (denying motion to dismiss § 1132(a)(1)(B) and § 1132(a)(3) claims as duplicative even though they

---

[11] It is unclear whether the breaches described in those allegations would support Count I, Count II, or both, as Plaintiff includes a general allegation of a breach of fiduciary duty in both. (Doc. 1 ¶¶ 64, 73.) Under a liberal reading of the Complaint, they could support Plaintiff's equitable claim.

"appear to overlap significantly" and "seek[] nearly identical relief" in the form of "past-due and future benefits and attorney's fees, as well as compensatory and punitive damages," reasoning that "[i]t is difficult to determine, solely from the fact of the Complaint, the extent to which the two counts ultimately differ," so "at this stage . . . *Silva* directs that the Court not dismiss either.").[12]

As noted above, the Eighth Circuit has held that an ERISA plaintiff is barred from asserting an equitable claim under § 1132(a)(3) where a claim for recovery of benefits under § 1132(a)(1)(B) would provide "adequate relief." The motion to dismiss stage, however, is not the appropriate time for this Court to make that assessment. *Silva*, 762 F.3d at 727 (reasoning that, at "summary judgment, a court is better equipped to assess the likelihood for duplicate recovery, analyze the overlap between the claims, and determine whether one claim alone will provide the plaintiff with 'adequate relief'").[13]

### IV. Conclusion

**IT IS HEREBY ORDERED** that Defendant Monsanto Company's Motion to Dismiss (Doc. 25) is **GRANTED** as to Count I.

**IT IS FURTHER ORDERED** that Magellan's Partial Motion to Dismiss Plaintiff's

---

[12] Defendants cite to *Knowlton v. Anheuser-Busch Companies, LLC*, No. 4:13-CV-210 SNLJ, 2013 WL 5873334 (E.D. Mo. Oct. 30, 2013) in support of their arguments. In that case, the court dismissed the § 1132(a)(3) as a "repackaged benefits claims." *Id.* at*3-4. That case, however, was decided before *Silva* clarified the law in the Eighth Circuit and issued its warning about dismissing at the pleading stage.

[13] Defendants also cite to *Collins v. 3M Co.*, No. CV 17-529(DSD/DTS), 2017 WL 1755953, at *2 (D. Minn. May 4, 2017), where the court granted a motion to dismiss a § 1132(a)(3) equitable remand claim as duplicative of a § 1132(a)(1)(B) claim, finding the claims were lacking in "factual 'intricacies' or distinctions." The *Collins* court found the relief the plaintiff requested was available under § 1132(a)(1)(B). *Id.* at *2. Based on the language from *Silva*, this Court declines to find the same at this early pleading stage.

Complaint (Doc. 22) is **DENIED** as to Count II.

**IT IS FINALLY ORDERED** Magellan's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 22) is **GRANTED** as to Count III.

A separate order of dismissal regarding Count III will accompany this Order.

Dated this 11th day of October, 2018.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
